Manly, J.
 

 Kirkpatrick, at the beginningof the year 1854, entered on the land as the tenant of Foust, under an agreement that he was to hold,: for an indefinite time, the whole tract, paying as rent a part of the crop of each year, made on the cleared land, and was to have any land that he should clear, rent free, for two years. This certainly made Kirkpatrick* a tenant from year to year. He afterwards put Pender in possession of a part of the wood-land under an agreement that he might stay there as long as Kirkpatrick 'had any. interest in the land. Pender built a cabin and cleared a small patch and became the assignee of Kirkpatrick, in respect to the land of which he took possession, and was thus a tenant under Kirkpatrick, holding from year to year, so long as Kirkpatrick’s tenancy under Foust, might continue. The question is, how was Pender affected by the fact, that in 1856, Kirkpatrick agreed with Foust, to give up his tenancy in respect to the wood-land, and hold only the cleared land. In respect to Kirkpatrick, he had become a tenant from year to year, entitled to six months notice to quit, and Kirkpatrick held in the same way under Foust, and had a right to assign
 
 *493
 
 or make a sub-lease of the same estate. It follows, as we think, that the agreement made by Eoust and Kirkpatrick, could not have the effect of determining the estate of Pender and converting him into a wrong-doer or a tenant at sufferance, liable to be subjected to the cost of an action without notice of any kind. On the contrary, our opinion is, that the effect of the sublease was to communicate to Pender a right to have the same notice from Eoust that Kirkpatrick was entitled to, or, at any rate, to reasonable notice, so as to give him time to remove from the land before he was liable to an action. It would seem, therefore, if Pender had defended the action, and put his defense upon the want of notice, it would have been an answer to the action; but as he does not defend, and Trice makes the defense for him, and is allowed to do so upon the ground of being his landlord, the case is said to be altered. The application on the part of Trice, to be allowed to defend in the place of Pender, presupposes that Pender'is'the tenant of Trice, so that Pender having entered as the tenant of Eoust, must, on this presumption, have attorned or turned over to Trice, whereby he disclaimed or disavowed his tenancy under Eoust, and thus put himself in the wrong and dispensed with the necessity of notice.
 

 Upon the first presentation of this question to us, we inclined to the opinion that as a landlord, who defends in place of his tenant, is only allowed to make such defense as the tenant could have made, and is concluded by any matter which would have concluded the tenant,
 
 Balfour
 
 v.
 
 Davis,
 
 4 Dev. and Bat. 300, so he should be allowed to make every defense which the tenant could have made, had the landlord not interposed. But, upon further consideration, our opinion is, that the point is with "the plaintiff.
 

 If we suppose Trice had not applied to defend in the place of Pender, but Pender had made defense himself, and at the trial, in reply to his defense, for the want of notice, the plaintiff had proved that, before the'action was commenced, Pender had accepted a lease from Trice and agreed to become
 
 *494
 
 his tenant, such proof would certainly have dispensed with the necessity of notice.
 

 If we allow Trice, in defending the action as landlord, to be neither more nor less restrained than Pender would have been, it will follow that the application to be allowed to defend as landlord, and his being on that ground, allowed to defend in place of Pender, concluded the fact, as against him, that Pender had accepted a lease from, or had otherwise attorned and agreed to hold under him ; and Foust was thereby dispensed from the necessity of notice. That is to say, dispensed, by reason of such supposed disclaimer of tenancy under Foust; Archbold’s law of landlord and tenant, 53, Law Lib. 225.
 

 On this ground, therefore, the holding of the Court below, on the principal point in the bill of exceptions, is supported.
 

 Upon the other points, we think the ruling of the Court was also correct. There is nothing in the motion for a continuance to withdraw its decision from the ordinary discretion of that Court, unless it be the statute of 1861-2, ex. ses. chap. 10, sec. 4; and that turns out, upon examination, not to apply to it. The chapter of the statute in question was in force from and after its ratification, i. e., after the 3.1th Sept. 1861. The Court began its session on the ninth of the same month, and all acts of court, by the doctrine of relation, stand as if done on that day. There is no reason for excepting the acts of the Court, now in question, from the operation of this doctrine. Therefore, although the order of Court was not made until the 12th, it related back to the 9th, and was not affected by the statute ;
 
 Farley
 
 v. Lea, 4 Dev. and Bat. 169.
 

 We are also of opinion, that the Court properly held that Pender, in case he had been present, would not have been a competent witness for the defendant. As tenant, in possession, he was directly interested in defeating plaintiff’s recovery ; for the legal sequence of such recovery, would be the eviction of the tenant from the land.
 

 Pender’s continuing in possession of the land, warranted also the ruling of the Court, upon the admissibility of his declara
 
 *495
 
 tions, in regard to the nature of his possession. The principle of a person in possession being heard, through his declarations, to explain the act of possession, is now extensively applied, as will be seen by reference to the cases cited in second edition of Dev. and Bat. in a note to
 
 Ashew
 
 v.
 
 Reynolds,
 
 vol. 1, p. 367, and in the case of
 
 Marsh
 
 v.
 
 Hampton,
 
 5 Jones, 382.
 

 The circumstances, under which the declarations were made, may not entitle them to much weight, but'their admissibility and credibility are quite different questions, and triable, generally, by different tribunals.
 

 The judgment should be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.